**Henry David FISHEL, on behalf of himself and as representative of the class herein defined, Plaintiff,**

v.

**BASF GROUP; Hoescht AG; Bayer Group; Daimler–Benz AG, One of its United States operating companies is Daimler–Benz Aerospace of North America, Inc.; Fried Krupp GMBH, one of its United States operating companies is Defontaine, Inc., Defendants.**

**Civil No. 4–96–CV–10449.**

United States District Court,
S.D. Iowa,
Central Division.

Aug. 19, 1997.

I. John Rossi, Rossi Law Office, Des Moines, IA, John K. Hoffmann, Hoffmann, P.C., West Des Moines, IA, Craig Rogers, Waukee, IA, for Plaintiff.

Kimberly J. Walker, Faegre & Benson, Des Moines, IA, Dennis P. Orr, Thomas M. Mueller, Shearman & Sterling, C.C.C., New York, NY, Thomas M. Cunningham, Shearer, Templer & Pingel, West Des Moines, IA, Marco E. Schnabl, Barry H. Garfinkel, Skadden, Arps, Slate, Meagher & Flom, New York, NY, David L. Charles, Belin, Lamson, McCormick, Zumbach, Flynn, P.C., Des Moines, IA, Michael D. Huppert, Gary D. Ordway, Patterson, Lorentzen, Duffield, Timmons, Des Moines, IA, Paul F. Doyle, Bud G. Holman, Kelley, Drye & Warren, L.L.P., New York, NY, August B. Landis, Whitfield & Eddy, Plc., Des Moines, IA, for Defendants.

## RULING ON DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER; PLAINTIFF'S MOTION TO COMPEL; AND PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE A RESISTANCE TO JOINT MOTION TO DISMISS

WALTERS, United States Magistrate Judge.

The above motions are before the Court following hearing. The motions for a protective order and to compel concern the same subject matter and are resisted. The motion for enlargement of time is not resisted and will be granted.

Plaintiff is a survivor of the Holocaust. For himself and the class he wishes to represent, he seeks damages from the defendants for forced labor he and others were compelled to perform during World War II at various concentration camps. Defendants have jointly moved to dismiss. As to all of the defendants, the joint motion alleges there are insufficient minimum contacts to support personal jurisdiction, the claims are barred by the applicable statutes of limitations, and there is no private right of action under the Hague Convention directly or for violations of international law derived solely from the Hague Convention. In addition, defendants BASF, Hoechst and Bayer allege that any liabilities claimed against them as successors to the Nazi-era I.G. Farben corporation have been cut off by post-war laws adopted by the Allied High Commission (and its predecessor, the Allied Control Council) which dissolved Farben and distributed its assets to newly-incorporated companies. This ground for dismissal presents a legal issue which turns upon the regulations, orders and laws by which Farben was dismembered. Lastly, Daimler–Benz moves to dismiss on the ground it is not the successor of Messerschmitt or Hermann–Göring–Werke (HGW) as claimed by plaintiff. Plaintiff alleges he performed slave labor for Messerschmitt and HGW. Daimler–Benz also asserts that Messerschmitt and its affiliated companies had no operations near the concentration camps where plaintiff was imprisoned. Daimler–Benz' motion is fact-based on the subject of

successor liability, and goes to the merits on the issue of whether plaintiff performed forced labor for Messerschmitt.

Plaintiff has served interrogatories and requests for production of documents to which defendants have not responded. They move for protective order arguing that the discovery requests are not tailored to the jurisdictional and other joint issues presented by them, that they are overbroad and unduly burdensome, and that until jurisdiction is established, any discovery should be accomplished under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Manners, reprinted after 28 U.S.C. § 1781. Plaintiff resists and moves to compel responses to his discovery requests.

■■■ Fed.R.Civ.P. 26(b) vests the Court with broad discretion in matters relating to discovery. When a motion to dismiss is filed asserting lack of personal jurisdiction, discovery is often limited to matters relevant to the jurisdictional issue. See 6 J. Moore, *Moore's Federal Practice* ¶ 26.41[6], at 26–102; see also *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1387–88 (8th Cir.1996). If the affidavits appear sufficient and "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," discovery on jurisdictional issues may be denied altogether. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n. 24 (9th Cir.1977); see *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989); see also *Moog*, 90 F.3d at 1387–88. If, on the other hand, the issue is not so clear or readily determined from the motion papers it may be an abuse of discretion to deny a plaintiff an opportunity for discovery to establish his jurisdictional allegations. See *Radaszewski v. Contrux, Inc.*, 891 F.2d 672, 674–75 (8th Cir. 1989) (*Radaszewski I*) (personal jurisdiction case; district court dismissal reversed with directions to allow discovery on jurisdictional allegations); *Majd–Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir.1984) (a subject matter jurisdiction case). There is another consideration at work in this case. Defendants are foreign corporations who contest being haled into this court to answer to the complaint. The Supreme Court has admonished that American courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 546, 107 S.Ct. 2542, 2557, 96 L.Ed.2d 461 (1987). Objections to abusive discovery should "receive the most careful consideration." *Id.*

In the Court's judgment, it is not so clear from defendants' affidavits that discovery into jurisdictional issues would be pointless or unduly burdensome so as to warrant a protective order against any and all discovery. The Court will require responses to the extent the outstanding discovery is reasonably tailored to the jurisdictional issues and may be answered with reasonable effort.

■■ With the exception of one specific item, plaintiff has not shown a need for discovery beyond the personal jurisdiction issues. The joint limitations and Hague Convention defenses are legal defenses. The I.G. Farben successor liability issue raised by certain defendants also appears to be a legal issue on which discovery is not necessary beyond ascertaining the relevant documentation. By contrast, the Messerschmitt/HGW successor liability issue involving Daimler–Benz is based on the lack of a factual basis as is Daimler–Benz' assertion that Messerschmitt did not employ plaintiff's forced labor because it had no facilities near plaintiff's concentration camps. Of the discovery requests presently at issue, only interrogatory nos. 2 and 3 bear any relationship to these issues. They inquire generally whether defendants used forced labor or operated concentration/labor camps during the war. The affidavit from Daimler–Benz' associate general counsel in that defendant's second declaration in support of its motion to dismiss essentially answers these interrogatories in the negative with respect to the places at which plaintiff was confined. In light of *Aerospatiale*, the Court will not at this preliminary stage require a broader answer from Daimler–Benz to the two interrogatories. The Court's focus in connection with the present motions has therefore been on those

discovery requests which relate to personal jurisdiction.

The Court does not believe plaintiff is limited to the Hague Evidence Convention until the Court rules on the personal jurisdiction issue. Defendants' argument has some surface appeal, but is neither conceptually nor practically sound. The Court has jurisdiction to determine its jurisdiction. *United States v. United Mine Workers,* 330 U.S. 258, 292–93 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947). The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries. More importantly, however, the reasoning and holding of the Supreme Court in *Aerospatiale,* affords no support to defendants. The Supreme Court held that the Convention procedures are optional and do not divest federal district courts of authority to order discovery under the Federal Rules of Civil Procedure. *Aerospatiale,* 482 U.S. at 540, 107 S.Ct. at 2553–54. It also declined to adopt a "first resort" rule which would have required initial use of Convention procedures. *Id.* at 544, 107 S.Ct. at 2555–56. The court reasoned that the plain language of the Convention indicated it was optional and that considerations of international comity should be assessed on a case-by-case basis. *Id.* at 529, 538, 544, 107 S.Ct. at 2548, 2552–53, 2555–56. Personal jurisdiction was not challenged in *Aerospatiale,* but the court's reasoning is not consistent with a blanket rule requiring resort to the Convention in such cases. *See Rich v. KIS California, Inc.,* 121 F.R.D. 254, 260 (M.D.N.C.1988) ("In construing the Hague Evidence Convention as an alternative discovery method, the Supreme Court in [*Aerospatiale*] did not carve out any exception for disputes involving personal jurisdiction."); *Bedford Computer Corp. v. Israel Aircraft Indus., Ltd.,* 114 B.R. 2, 5 (Bankr. D.N.H.1990).

Whether comity requires plaintiff to look to Convention procedures involves an examination "of the particular facts, sovereign interests, and the likelihood that resort to those procedures will prove effective." *Aerospatiale,* 482 U.S. at 544, 107 S.Ct. at 2556. The limited jurisdictional discovery contained in the present requests is not intrusive. Defendants do not identify any "sovereign interests" affected by requiring them to produce information bearing on their jurisdictional defense, nor is there any unfairness to defendants. They have taken advantage of the rule allowing them a preliminary hearing and determination of the issues raised in their motion. Fed.R.Civ.P. 12(b), (d). Presumably both sides want an expeditious and reliable determination of those issues. As between the civil discovery rules and Convention procedures, the former offer the surer course for this to occur. Convention procedures can be "unduly time consuming and expensive." *Aerospatiale,* 482 U.S. at 542, 107 S.Ct. at 2555. Indeed, their effectiveness in the present circumstances is directly in doubt. The Federal Republic of Germany has exercised its option under Article 23 of the Convention to declare "that it will not, in its territory, execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." 28 U.S.C. § 1781, Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, n. 9 § B(5). *See Murphy v. Reifenhauser KG Maschinenfabrik,* 101 F.R.D. 360, 361 (D.Vt. 1984). Notably, defendants have not argued that Convention procedures present an effective, or more effective, means of discovering jurisdictional facts.

Turning to the specific discovery requests, all of plaintiff's interrogatories except interrogatory no. 1 dealing with ownership of other corporations, and interrogatory no. 8 dealing with stock exchange listings go primarily to the merits and are not reasonably tailored to ascertain jurisdictional facts.[1]

---

1. Interrogatory no. 2 deals with the utilization of forced labor. Interrogatory no. 3 inquires into the operation of labor camps. Interrogatory no. 4 seeks information concerning the location of facilities operated by defendants in the former East Germany. Interrogatory no. 5 explores defendants' reliance on documents with respect to liability. Interrogatory no. 6 also inquires into the basis for defendants' denial of liability. Interrogatory no. 7 seeks information about reparations payments. Interrogatory no. 9 asks whether the German Government has provided assistance to defendants in this case and interrogatory no. 10 asks the same question with

Interrogatory no. 1 appears to be designed to obtain information about subsidiaries. It is true as defendants assert that the mere fact a subsidiary does business in a state does not confer jurisdiction over the parent. *See Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir.1980). However, information about subsidiaries is not irrelevant to jurisdiction for, as defendants also note, evidence of control of a subsidiary by the parent may allow the subsidiary's activities to be attributed to the parent for jurisdictional purposes. *See Radaszewski v. Telecom Corp.*, 981 F.2d 305, 306–07 (8th Cir.1992) (*Radaszewski II*); *Cruz*, 619 F.2d at 905. Though relevancy is more attenuated, the same result obtains with respect to the listing of stock on a stock exchange. By itself such a listing has little to do with minimum contacts in Iowa. *See Celi v. Canadian Occidental Petroleum, Ltd.*, 804 F.Supp. 465, 468 (E.D.N.Y.1992). It is, however, a contact in this country which is part of the totality of circumstances. The information requested in interrogatory nos. 1 and 8 should be readily available to defendants and is sufficiently tethered to the subject matter of personal jurisdiction to allow discovery. Fed.R.Civ.P. 26(b)(1). Defendants need not answer interrogatory no. 8 with respect to stock exchange listings outside the United States.

■ Many of plaintiff's requests for production suffer from the same problem as the interrogatories. Request nos. 4, 5, 6, 7 and 9 relate primarily to the merits and/or are insufficiently tailored to discover jurisdictional facts.[2] Request no. 1 requests Bayer to produce a copy of the official history of Bayer issued by it on its 125th anniversary. The document may contain some information gen-erally relevant to the personal jurisdiction issue, and the request is discrete enough that it should be granted. The same request also asks Bayer and all other defendants to provide "any advertisement showing or in which references the history of defendants." The Court can appreciate that compliance with this request, unlimited as to time and broadly inclusive, would be burdensome. At the same time, the likelihood of information being produced relevant to the in personam jurisdiction question in Iowa is speculative. Defendants will not be required to respond to the second sentence of request no. 1.

■ Request no. 2 asks defendants Bayer, Hoechst and BASF to provide a copy of a November 30, 1945 agreement dividing I.G. Farben between them "with stipulations on the joint objectives." This relates to the I.G. Farben successor liability issue. One ground for dismissal urged by these defendants is that the pieces of I.G. Farben were picked up by new corporate entities following World War II under Allied High Commission laws which retained Farben's liabilities as at the end of the war in "Farben i.L.", a "legal entity in liquidation." Joint Memorandum, at 27. The same law allegedly assigned exclusive jurisdiction to German courts over questions of what Farben obligations had been transferred to successor companies. *Id.* at 27–28. Defendants' declarations attach copies of the relevant post-World War II era laws, regulations and orders on which they disclaim successor liability. If there is a November 30, 1945 agreement purporting to divide control of Farben, the document may be relevant to the I.G. Farben successor liability issue.[3] In order to complete the

respect to other countries or public bodies outside Germany.

**2.** Request no. 4 seeks a 1925 agreement under which Bayer, Hoechst and BASF allegedly merged to form I.G. Farben. Request no. 5 seeks the "annual report" of defendants for a period of time in the early 1950's, for two years at the time of German Reunification, and in the past two years. Request no. 6 is directed to copies of correspondence having to do with the subject of reparations or restitution, and request no. 7 seeks correspondence between the defendants and any governmental entity concerning the same subject. Request no. 9 asks for copies of all claims filed for incidents arising from the use of labor camps.

**3.** Defendants' brief in support of the motion to dismiss includes references to the fact that on November 30, 1945, the allies, then including the Soviet Union, acting through the Allied Controls Council adopted a law providing that the property and assets of I.G. Farben located in the various zones of occupation would be seized and disbursed following payment of reparations and the destruction of war-making plants. Memorandum in Support of Motion to Dismiss at 25; *see* Roll Declaration Exh. B. Something was happening with I.G. Farben at the time of the alleged agreement.

picture, the motion to compel with respect to request no. 2 will be granted. There is no undue burden because a specific document is involved, which, if it exists, should be as available as the other similar such documents defendants have produced in support of their motion.

Request no. 3 seeks copies of "statements, forms, applications, notes, memorandums of the plaintiff" or prepared on his behalf which defendants rely on for their motions, brief and accompanying affidavits. The Court is not sure what these could be, and defendants point out their motion to dismiss does not refer to such documents. See Joint Memorandum in Support of Protective Order at 9. Even if there are no such documents, plaintiff is entitled to a response as required by Fed.R.Civ.P. 34(b) and the Court will so order. Similarly, request no. 8 asks for all documents "referred to, or in support of, any of defendants' points in the Motion to Dismiss." To the extent the request may be construed as asking for all documents which may support the defendants' positions, the request is overbroad and objectionable as not describing the documents with "reasonable particularity." *Id.* The Court will construe the request as asking for all documents defendants refer to in their motion papers. Again, as with request no. 7, the Court understands these were provided with defendants' motion, but, here again plaintiff has a right to a response in conformity with the rule. Finally, plaintiff asks for copies of similar documents in connection with defendants' answers to interrogatories. Construing request no. 10 the same as no. 8 to incorporate documents referred to in any forthcoming answers to interrogatories, defendants will be required to respond.

The following orders are entered:

1. Defendants' joint motion for a protective order and plaintiff's motions to compel answers and responses to their interrogatories and requests for production of documents are granted in part and denied in part as above. Defendants need not respond to the subject discovery to the extent indicated in the discussion above. With respect to those interrogatories and requests for production which the Court has indicated should be answered and responded to, the motions to compel are granted and defendants shall answer and respond within **thirty (30) days** of the date hereof.

2. Plaintiff's motion for enlargement of time to file resistance to the joint motion to dismiss is granted. Plaintiff may have to and including **October 20, 1997.**

3. No fees or expenses are taxed. Fed. R.Civ.P. 26(c); 37(a)(4)(C).

IT IS SO ORDERED.