BANDAG, INCORPORATED, an
Iowa corporation, Plaintiff,

v.

MICHELIN RETREAD TECHNOLO-
GIES, INCORPORATED, a Delaware
corporation; Michelin North America,
Incorporated, a New York corporation;
Michelin Corporation, Inc., a New York
corporation, Compagnie Generale Des
Etablissements Michelin, a French cor-
poration; and Compagnie Financiere
Michelin, a Swiss corporation, Defen-
dants,

Michelin Retread Technologies, Incorpo-
rated and Michelin North America,
Incorporated, Counterclaimants,

v.

Bandag, Inc. and Bridgestone/Firestone,
Inc., Counterdefendants.

No. CIV. 3–99–CV–80165.

United States District Court,
S.D. Iowa,
Davenport Division.

Sept. 20, 2001.

David J. Meloy, Stanley Lande & Hunter,
Muscatine, IA, Rebecca L. Weinstein, Sey-
farth shaw Fairweather & Geraldson, Chi-
cago, IL, J. Patrick McDavitt, Briggs &
Morgan, PA, Minneapolis, MN, Rachel R.
Watkins Schoenig, Stanley Lande & Hunt-
er, Davenport, IA, Melinda F. Levitt, Foley
& Lardner, Washington, DC, James J.
Long, Briggs & Morgan, St. Paul, MN, Mi-
chael R. Carithers, Jr., Michael H. Knight,
Collier Shannon & Scott PLLC, Washing-
ton, DC, Adam L. Hoeflich, Andrew L.
Goldman, Bartlit Beck Herman Palenchar &
Scott, Chicago, IL, David B. Fein, Wiggin
& Dana, Stamford, CT, James H. Bicks,
Wiggin & Dana, Stamford, CT, Edward
Wood Dunham, Wiggin & Dana, New Ha-
ven, CT, Donald E. Scott, Bartlit Beck Her-
man Palencar & Scott, Denver, CO, for
plaintiffs.

Edward W. Remsburg, Ahler Cooney Dor-
weiler Haynie Smith & Allbee, Des Moines,
IA, Ronald T. Coleman, Jr., William K. Whit-
ner, Paul Hastings Janofsky & Walker, At-
lanta, GA, John B. Williams, Patrick J.
Coyne, Thomas E. Gilbertsen, Collier Shan-
non & Scott PLLC, Washington, DC, Emmet
J. Bondurant, II, Bondurant Mixson & El-
more LLP, Atlanta, GA, for defendants.

### ORDER

SHIELDS, United States Magistrate
Judge.

This motion brought pursuant to Rule
26(c), FRCP, by defendants Compagnie
Generale Des Establissements Michelin
(CGEM) and Compagnie Financiere Michelin
(CFM) (Clerk's No. 331), seeks to have the
Court enter a protective order quashing no-
tices of deposition directed to Edouard
Michelin and Francois Michelin by plaintiff
Bandag Corporation.

Bandag has filed, under seal, its response
in resistance to that motion (Clerk's No. 356),
and has delivered to the Court a binder
containing Exhibits A through HH in sup-
port of that resistance.

The Motion for Protective Order shall be
and is granted. The Court is not convinced
after its review of the exhibits provided by
Bandag that it is either appropriate or timely

to take the depositions of either Edouard Michelin and/or Francois Michelin. This Court has previously limited the discovery as to CGEM and CFM, providing that only issues relating to the requisite minimum jurisdictional contact can be explored at this time by Bandag. *See,* Order on Monthly Status Conference filed June 26, 2001 (Clerk's No. 352). Since that order, Bandag has served written discovery, but apparently has not sought depositions from any CGEM and/or CFM employees, other than the attempted depositions of Edouard Michelin and Francois Michelin.

In this regard, the Court agrees with the position of CGEM and CFM. Rule 30(b)(6) depositions are a proper tool at this juncture, since CGEM and CFM are both parties to this litigation. *In re Honda American Motor Co. Inc. Dealership Relations Litigation,* 168 F.R.D. 535, 540 (D.C.Md.1996).

In addition, the Court feels certain requests for admissions pursuant to Rule 36, FRCP, are appropriate, as well as supplemental interrogatories.

Without disagreeing with the underlying principles announced in *Founding Church of Scientology of Washington, D.C. v. Webster,* 802 F.2d 1448, 1452 (D.C.Cir.1986) (the standard for designation of a managing agent remains a functional one to be determined largely on a case-by-case basis), this Court believes that because of the limited issues now present in discovery, there is a better method for obtaining the information which Bandag seeks.

The Court's reading of excerpts from the deposition of James Gibson Hay, Jr., taken December 20, 2000, (Exhibit B to Bandag's resistance); the excerpts from the deposition of James F. Stankiewicz, taken December 19, 2000 (Exhibit S to Bandag's resistance); the excerpts from the deposition of David R. White, taken October 25, 2000 (Exhibit T to Bandag's resistance); as well as the excerpts from the deposition of Robert B. Sumerel (Exhibit U to Bandag's resistance), do not convince the Court that either Edouard Michelin or Francois Michelin need to be deposed at this time.

The names of a number of employees of "French companies," and all of whom are better known to counsel than to the Court, repeatedly appear in the depositions noted above.

The Court is familiar with the procedures utilized under Rule 30(b)(6), and because of the nature of this litigation recognizes the attendant problems that could arise because of the issue over the designation of a managing agent by CGEM and CFM. In that regard, the Court will simply state that very little latitude will be permitted CGEM and/or CFM if it becomes apparent to the Court that the individual or individuals designated as managing agents by either CGEM and/or CFM, in response to a proper Rule 30(b)(6) noticed deposition are revealed to be inappropriate deponents.

Time is of the essence, and the Court expects nothing less than a good faith adherence by all parties to the Rules of Civil Procedure, and the orders of this Court regarding discovery on the jurisdictional issues.

In granting the protective order, as requested by CGEM and CFM, at this juncture, the Court believes that this is the appropriate and correct ruling in light of the directives contained in *Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, 546, 107 S.Ct. 2542, 2557, 96 L.Ed.2d 461 (1987), and *Fishel v. BASF Group, et al.,* 175 F.R.D. 525 (S.D.Iowa 1997).

IT IS SO ORDERED.