**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

MCKESSON CORPORATION,
                    *Intervenor-Appellant,*

          v.

ALBERT J. BERGONZI,
                    *Defendant,*

          and

JAY M. LAPINE; CHARLES W.
MCCALL,
                    *Defendants-Appellees.*

No. 03-10511

D.C. No.
CR-00-00505-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
September 15, 2004—San Francisco, California

Filed April 1, 2005

Before: Robert R. Beezer, William A. Fletcher and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Keith D. Krakaur, Skadden, Arps, Slate, Meagher & Flom, New York, New York, for the intervenor-appellant McKesson Corporation.

Tim Crudo, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee United States of America.

William M. Goldman, Topel & Goodman, San Francisco, California, for the defendant-appellee Jay M. Lapine.

Alex Oh, Paul, Weiss, Rifkind, Wharton & Garrison, New York, New York, for the defendant-appellee Charles W. McCall.

Edward C. Schweitzer, Jr., Washington, D.C., for the amicus curiae The Securities and Exchange Commission, in support of intervenor-appellant McKesson Corporation.

James J. Farrell, Latham & Watkins, Los Angeles, California, for the amicus curiae Securities Industry Association, in support of intervenor-appellant McKesson Corporation.

## OPINION

PER CURIAM:

Intervenor-appellant McKesson Corporation ("McKesson") brings this interlocutory appeal of a discovery disclosure order in a criminal case. The district court ordered the govern-

ment to produce to defendants McCall and Lapine materials McKesson had provided to the government under a confidentiality agreement that acknowledged the government's right to use the materials in any criminal proceedings. McKesson argued, however, that as to others the materials should remain protected by the attorney client privilege and work product doctrine. The district court disagreed, and ordered disclosure to the defendants in accordance with Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Bergonzi et al.*, 216 F.R.D. 487, 494 (N. D. Cal. 2003). We dismiss McKesson's appeal of the district court's order as moot.

[1] McKesson now concedes that the defendants are entitled to use the materials in their defense, and thus no longer challenges the district court's *Brady* and Rule 16 rulings.[1] Because McKesson does not seek reversal of the disclosure order as to these defendants, there is no other relief we can provide and the appeal is now moot. *See Public Utilities Comm'n v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996). The only parties before us seeking the materials are these criminal defendants, whose access to the materials is not in dispute. Moreover, because McKesson appealed before the district court had been presented with or

---

[1]Defendants McCall and Lapine obtained the materials pursuant to a state court order in the related California state court proceeding, *McKesson HBOC, Inc. v. Superior Court*, 115 Cal. App. 4th 1229, 1241 (1st Dist. 2004). The disclosure was governed by a protective order that does not permit the defendants to use the materials in this criminal action. *Id*. At oral argument before us, McKesson's counsel stated, "It's not our position as we sit here today, given the way the factual record has developed, that [the defendants] should be prohibited from using those materials in the criminal case. Our position, rather, is that given that they have the report already from the other proceeding, the accommodation that the district court should be clearly instructed by this court to make is that a protective order has to be put in place . . . [that] precludes the sharing of the report or interview memoranda with anyone who is not themselves bound by the terms of the protective order."

considered a protective order that might have addressed McKesson's privacy concerns, any potential prejudicial consequences of the district court's disclosure order are speculative.

**[2]** Given our finding of mootness, we do not reach McKesson's argument that we should recognize a form of "selective" or "partial" waiver that would allow a corporation to disclose the results of an internal investigation to an investigating government agency without waiving attorney client privilege or work product protection as to the outside world.[2] Whether the sort of selective waiver McKesson seeks is available in this Circuit is an open question. *See Bittaker v. Woodford,* 331 F.3d 715, 720 n.5 (9th Cir. 2003) (en banc) ("[T]he law [regarding selective waiver] is not . . . settled.").

Appeal DISMISSED as moot.

---

[2]Both the Securities and Exchange Commission and the Securities Industry Association have appeared as amici to argue that it is in the public interest for courts to recognize some form of selective waiver when corporations cooperate with the SEC in investigations of this sort. *Cf.* Department of Justice Memorandum, *Principles of Federal Prosecution of Business Organizations*, Deputy Attorney General Larry D. Thompson (January 20, 2003) (discussing need to gain waivers of privileges from corporations during investigations).