Holly **LOUEN**, Plaintiff,

v.

Brian **TWEDT**, et al., Defendants.

No. 1:04–CV–6556–REC–SMS.

United States District Court,
E.D. California.

June 6, 2006.

Kevin Gerard Little, Law Office of Kevin G. Little, Fresno, CA, for Plaintiff.

Gregory L. Myers, Myers and Mayfield, James Darvin Weakley, Weakley, Ratliff, Arendt & McGuire, Erica Mercado Camarena, Weakley, Ratliff, Arendt & McGuire, LLP, Fresno, CA, for Defendants.

SNYDER, United States Magistrate Judge.

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72–302(c)(1) and 72–303.

### I. *Background*

The motions of Defendant City of Fresno to compel production of documents regarding expert witnesses and to compel further deposition testimony of third-party witnesses Laura Guzman–Magill and Timothy Magill, and the motion of Defendants City of Fresno and Officer Brian Twedt for enforcement of Judge Robert E. Coyle's order regarding Plaintiff's submitting to a mental examination came on regularly for hearing on June 2, 2006, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Erica Camarena and Lara Moriarty appeared on behalf of Defendant City of Fresno; Greg Myers appeared for Defendant Twedt; and Kevin Little ap-

peared on behalf of Plaintiff. The Court had reviewed all the papers submitted in support of the motions, including the moving papers, declarations, and exhibits thereto, as well as the stipulations pursuant to Local Rule 37–251.[1] After argument the matter was submitted to the Court.

## II. *Motion to Compel*

A party, upon reasonable notice and after certifying that the parties have met in a good faith effort to resolve the dispute and secure the material without court action, may apply for an order compelling disclosure or discovery, or further disclosure or discovery. Fed. R.Civ.P. 37(a), (d); Local Rule 37–251. An evasive or incomplete disclosure, answer or response is treated as a failure to disclose, answer, or respond. Fed.R.Civ.P. 37(a)(3). A stipulation regarding the discovery disagreement must be filed except in cases involving a complete and total failure to respond to a discovery request or order, and when the only relief sought by the motion is the imposition of sanctions. Local Rule 37–251(e).

Fed.R.Civ.P. 37(d) provides:

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under

clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Further, a failure to comply with a request for production of documents is subject to the procedures set forth in Rule 37 with respect to motions to compel. Fed.R.Civ.P. 34(b).

## III. *Motion to Compel Responses to Requests for Production of Documents regarding Experts*

On March 21, 2006, Defendant City of Fresno served on Plaintiff a request for production of documents (Request for Production, Set Two (Re: Experts)) seeking documents relating to Plaintiff's designated experts, such as e-mails and communications with experts, documents created by experts, notes taken by experts, materials relied on by experts, including articles and research, test results, documents in the experts' files, etc. Plaintiff failed expressly to respond to each subpart of the request; instead, Plaintiff provided some documents that responded to one of the subparts, and those documents themselves referred to other documents that Plaintiff believed had already been produced to Defendant. This resulted in Defendant's being unsure that the documents referred to were the precise documents that Defendant already had. Further, because of the form and extent of

---

1. The motion to enforce court order and request for sanctions and attorney's fees was unopposed and was not the subject of a joint statement.

the response, Plaintiff did not expressly indicate when there were no documents responsive to a particular request, or whether a response was partial or complete. Thus, Defendant was uncertain whether or not Plaintiff had submitted all the documents that existed. Indeed, Defendant had to piece the requests and responses together to try to ascertain if the documents adverted to had been produced.

The Court notes that there is no showing that Plaintiff is unable to produce any of the documents requested.

 Even if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b). *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D.Iowa 1997). Defendant is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced. Thus, Defendant's motion will be granted.

 Defendant seeks reasonable expenses in making the motion, including attorney's fees. However, no declaration regarding fees or expenses was submitted. Expenses and fees will not be awarded.

### IV. *Motion to Compel Further Deposition of Third–Party Attorney Witnesses*

Defendants seek an order compelling attorneys Laura Guzman–Magill and Charles Magill to 1) submit to further deposition and answer questions pertaining to exhibits 2, 9, 17, and 19 of Guzman–Magill's deposition transcript; 2) permit Defendants to explore further information contained in the documents produced by Plaintiff and identified by the Magistrate Judge as Bates stamped numbers 1038, 1064–66, 1121, 1123–26, 1131–32, 1139–40 because Plaintiff and her attorneys have waived any claims of privilege regarding this document; 3) or, in the alternative, an order precluding Plaintiff from producing Mr. Magill and Laura Guzman–Magill in her case-in-chief at trial.

Guzman–Magill is apparently a neighbor and friend of Plaintiff as well as an attorney for Plaintiff in a state proceeding against Defendant Twedt involving an injunction. It is undisputed that Magill and Guzman–Magill are percipient witnesses with respect to liability and damages because it was stated by Plaintiff in the initial disclosures that they had information regarding Plaintiff's encounters with Defendant Twedt and subsequent damages that Plaintiff incurred.

The basis of Defendants' motion is that Plaintiff and her attorneys have waived any claims of attorney-client privilege or work product protection with respect to the documents pursuant to the Magistrate Judge's ruling of December 22, 2005, in which the Court ruled that 1) as to the twelve pages of documents claimed to have been protected by attorney-client privilege or work product protection, namely, Bates stamp numbers 1038, 1064–66, 1121, 1123–26, 1131–32, and 1139–40, Plaintiff and her attorney have waived any claim of privilege by Plaintiff's voluntary and/or inadvertent disclosure; and 2) the remaining 1,847 documents are not privileged.

Preliminarily, the Court notes that although there has been some delay since the taking of depositions in question, which occurred on November 16, 2005, the delay has been justified because of the extensive resources having to be devoted to this case; Plaintiff does not object to the delay, and no prejudice is claimed. Accordingly, the Court concludes that the motion was brought within a reasonable time and was not unreasonably delayed.

With respect to the documents that were the subject of the Court's earlier ruling of December 22, 2005, the attorney-client privilege and work product protection have been waived. Plaintiff has not formally moved for reconsideration, and the Court does not reconsider its former determination.

 "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir.1990). Under the doctrine, a court is generally precluded from

reconsidering an issue previously decided by the same court, or a higher court in the identical case. See *id.* A trial judge's decision to apply the doctrine is thus reviewed for an abuse of discretion. *See Milgard Tempering,* 902 F.2d at 715. *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir.2000). A court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *United States v. Lummi Indian Tribe,* 235 F.3d at 452–53 (citing *United States v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998)).

■ Here, the additional evidence [2] before the Court is the declaration of Guzman–Magill, which was apparently submitted to the state court but which has not previously been submitted to this Court. Review of the totality of the circumstances, as shown by all the evidence, including this declaration, demonstrates voluntary disclosure; further, the evidence does not indicate that counsel employed reasonable precautions to prevent inadvertent disclosure or to protect any privilege upon the discovery of disclosure, and there are no circumstances indicating any unfairness or manifest injustice in finding a waiver. Thus, the Court will not disturb its earlier ruling.

At argument Defendant City's counsel noted that two of the documents about which Defendant seeks to question Magill and Guzman–Magill were not the subject of the Court's earlier order, namely, Exhibits 2 and 17 to the deposition of Guzman–Magill. Exhibit 2 is the declaration of Guzman–Magill that was submitted to the state court; Exhibit 17 is a letter from Guzman–Magill dated March 16, 2005, addressed to a captain and lieutenant in the Fresno Police Department Internal Affairs Unit relating to an incident of March 13, 2005, which appears to have ultimately resulted in Defendant

Twedt's bringing a defamation action against Guzman–Magill.

■ The precise circumstances of Defendants' having received possession of these documents are unclear. Exhibit 2, the declaration, has been revealed to opposing counsel in the state court action and does not appear to have otherwise been treated as confidential. Exhibit 17, the letter likewise was sent to a public agency. The Court notes that the only basis for privilege or other protection noted by Plaintiff in the joint statement is the argument that inadvertent production should not have been considered a waiver. The burden is on the party asserting the privilege to establish all the elements of the privilege. *United States v. Martin,* 278 F.3d 988, 999–1000 (9th Cir.2002). A person asserting attorney-client privilege has the burden of persuasion as to all elements of the privilege, including an affirmative showing of non-waiver if the issue of waiver has been raised. *United States v. Zolin,* 809 F.2d 1411, 1415 (9th Cir.1987), *aff'd in part and vacated in part,* 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989), *overruled on other grounds, United States v. Jose,* 131 F.3d 1325, 1329 (9th Cir.1997) (en banc); *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 25 (9th Cir.1981).

■ Here, Plaintiff has not sustained her burden of establishing that these documents are privileged or otherwise protected.

■ The Court rejects Plaintiff's argument that any finding of waiver should not be binding on the attorney witnesses. The principle of limited or selective waiver, whereby disclosure of a privileged communication to one entity does not preclude assertion of the privilege against another entity, is not uniformly recognized, and where recognized appears to be limited to voluntary disclosure of privileged materials to a governmental agency in a separate and nonpublic investigation. *See, In re Syncor Erisa Litigation,* 229 F.R.D. 636, 645 (C.D.Cal.2005). The work product protection is waived, with respect to all adversaries, by disclosure of work product

---

**2.** The Court notes that this is not "new" evidence because it was in existence at the time of the Court's earlier ruling.

to a single adversary that enables the adversary to gain access to information. *Id.* at 646 n. 8. However, *see Bittaker v. Woodford,* 331 F.3d 715, 720 n. 5 (9th Cir.2003) (noting the trend to find to find limited waivers, and suggesting that disclosure to the government did not necessarily constitute a waiver as to a private third party); *United States v. Bergonzi,* 403 F.3d 1048, 1050 (9th Cir.2005) (noting that it was an open question whether a selective or partial waiver could be recognized that would allow corporate disclosure of information to an investigating governmental agency without waiving attorney-client or work product protection as to the outside world).

■ Here, the initial waiver determination was made with respect to the same parties in the same proceeding, and it rested on conduct by the affected attorney witnesses as well as others; the only distinction apparent with respect to the present motion is that different witnesses are being questioned about the material in question. There was no compulsion or other circumstances attending the waiver that might render appropriate an application of the selective waiver rule. This case should be governed by the generally recognized principle that once waived, the attorney-client privilege cannot be subsequently asserted. *Genentech, Inc. v. United States International Trade Commission,* 122 F.3d 1409, 1416–17 (Fed.Cir.1997).

Likewise, the Court rejects Plaintiff contention that the Magills should not be bound by the Court's previous ruling because they had no opportunity to challenge it. It does not appear that the Magills made any effort to proceed pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii) to quash or modify the deposition subpoena.

Thus, the Court will grant Defendant's motion. Further deposition of the Magills is appropriate with respect to matters relating to liability and damages to which they were percipient witnesses, and questions relating to the documents or communications previously claimed to be privileged but found not to be privileged. However, it is possible that some information other than and in addition to the documents that have been considered by the Court may remain privileged. There-

fore, the Court suggests that it would be efficient to take the deposition within the courthouse with the Magistrate Judge available to consider and rule upon claims of privilege as the deposition proceeds. Further, the Court will order the deposition transcript and its contents to be sealed and dissemination thereof restricted.

The Court notes that under the federal rules, the only time it is permissible to counsel a witness to refuse to answer a deposition question is when it is necessary to preserve a privilege, enforce a limitation directed by the Court, or to move pursuant to Fed.R.Civ.P. 30(d)(4) with respect to an examination being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or the party. Fed. R.Civ.P. 30(d)(1).

### V. *Motion to Enforce Court Order and Request for Sanctions and Attorney's Fees*

■ Defendants move to enforce the Court's order of April 19, 2006, in which Judge Coyle denied Plaintiff's request for a stay of this action based on abstention, further denied Plaintiff's motion for reconsideration of the Magistrate Judge's order regarding sanctions with respect to Plaintiff's failure to attend an ordered medical examination, and ordered the following:

1. Plaintiff is sanctioned $2,500.00 for failure to comply with a court order.

2. The sanctions are stayed until the conclusion of this case.

3. *As soon as is practicable, Plaintiff shall appear for an Independent Mental Examination with Dr. Harold L. Seymour.*

4. *The parties shall either stipulate to a date and time for the examination or arrange a scheduling conference with Magistrate Judge Snyder to do so.*

5. The examination will be audio-recorded.

6. No third party, including counsel, may attend the examination. (Emphasis added.)

(*Id.* at 16.) The Court finds that Plaintiff and her counsel have failed to comply with the Court's order because they neither stipu-

lated to a date and time for the exam or cooperated in the arrangement of a scheduling conference to schedule the exam. No excuse appears for this failure, which was not substantially justified.

Fed.R.Civ.P. 37(b) provides that if a party fails to obey an order to provide or permit discovery, including an order made pursuant to Fed.R.Civ.P. 37(a), the Court may make such orders as are just, including ordering designated facts established, precluding specific claims or defenses, striking out pleadings or parts thereof, dismissing the action or any part thereof, entering a default judgment, deeming any failure except a failure to submit to a physical or mental examination to be a contempt, and/or requiring the party failing to obey, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff's motion to enforce the Court's order and request for sanctions and attorney's fees IS GRANTED in part.

Plaintiff will be ordered to attend a mental examination at the next convenient date for Dr. Seymour, which the Court and Plaintiff's counsel were informed by counsel for Defendant at the hearing on this motion is June 9, 2006, at 8:00 a.m.

Further, Court finds that counsel for Defendant City of Fresno expended $768.00 in reasonable expenses and attorney's fees, and that no circumstances appear that would make an award of expenses unjust. Thus, Plaintiff will be ordered to pay this amount to Defendant's counsel.

### DISPOSITION

Accordingly, it IS ORDERED that

1) Defendant City of Fresno's motion to compel responses to requests for production of documents regarding experts IS GRANTED; Plaintiff SHALL RESPOND by serving responses no later than June 30, 2006, with individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether any of the documents has already been produced; if no document exists that is responsive to a request, then Plaintiff IS DIRECTED to state that no document exists that is responsive to the request; and

2) Defendant City's motion to compel witnesses Laura G. Magill and Charles Magill to respond to Defendant's deposition questions IS GRANTED; the deposition SHALL PROCEED upon appropriate notice, and sanctions SHALL BE imposed upon any witness who refuses to appear for continued deposition without a legally sufficient excuse or justification; Defendants MAY QUESTION the witnesses regarding the documents previously claimed to be privileged, and the communications which they embody as to which any privilege has been waived, as well as Exhibits 2 and 17 to the deposition of Laura G. Magill; further, Defendants MAY QUESTION the witnesses regarding all matters not privileged; the transcript of any such deposition IS ORDERED to be sealed, the contents thereof shall be revealed only to the attorneys, clients shall be allowed to assist in review of the contents for purposes of this case only, and any testimony derived from any continued deposition is for use in this action only and not in any other case; and

Defendants' motion to enforce court order and request for sanctions and attorney's fees IS GRANTED in part; Plaintiff IS DIRECTED to attend a mental examination by Dr. Seymour on June 9, 2006, at 8:00 a.m.; further, Plaintiff IS DIRECTED to pay forthwith to Weakley, Ratliff, Arendt & McGuire, counsel for Defendant City of Fresno, $768.00 in reasonable expenses and attorney's fees caused by Plaintiff's failure to comply with the Court's order; except insofar as Defendants' motion is granted, Defendants' motion is denied.

IT IS SO ORDERED.