**Cynthia Jean GOFF as administrator
of the estate of Lawrence J.
Torango, Plaintiff,**

v.

**HARRAH'S OPERATING COMPANY,
INC., Harvey's Tahoe Management Company, Inc., Harrah's Laughlin, Inc., Aristocrat Leisure Limited, Aristocrat Technologies, Inc., and International Game
Technology, Defendants.**

No. 3:03CV0690 ECRRAM.

United States District Court,
D. Nevada.

March 5, 2007.

See also 412 F.Supp.2d 1090.

Margo Piscevich, Piscevich & Fenner, Reno, and Peter C. Warner, Tempe, AZ, for Plaintiff.

Aristocrat Leisure Limited, Aristocrat Technologies, Inc., Aristocrat Tehnologies, Inc. and Aristocrat Technologies Australia Pty., Ltd.; Harrah's Laughlin, Inc., Harrah's Operating Company, Inc., Harvey's Tahoe Management Company, Inc.: Gregory C. Schodde, Alejandro Menchaca, and Lawrence M. Jarvis, McAndrews Held & Malloy, Ltd., Chicago, IL, Jeremy T. Elman, Jimmy M. Shin, Anthony R. de Alcuaz, Kimberly P. Zapata, David H. Dolkas, Terrence P. McMahon, and Steven L. Walker, McDermott Will & Emery, LLP, Palo Alto, CA and Matthew D. Francis, Watson Rounds, PC, Reno, International Game Technology: Gregory P. Sitrick, James J. Jagoda, Robert J. Barz, and Michael J. Abernathy, Bell, Boyd & Lloyd, Chicago, IL, Paul R. Hejmanowski, Lionel, Sawyer & Collins, Rosa Solis–Rainey, Morris Pickering & Peterson, Las Vegas, and Matthew D. Francis, Watson Rounds, PC, Reno, for Defendants.

### ORDER

EDWARD C. REED, JR., District Judge.

■ Plaintiff's objection (# 305) to the Magistrate Judge's order (# 299) to produce unredacted documents in Group 2 is **SUSTAINED**. The Magistrate Judge's reasoning in granting the motion to compel (# 273) was as follows:

> As to the group 2, [containing Mr. Torango's] litigation strategy, I think there has been a waiver: number one, by disclosing part of it and not all of it; and, number two, I don't think that it's privileged or work—attorney work-product. It's certainly not attorney work-product, because no attorney has come forth and said, you know, these are my documents.
>
> And there's really no evidence before the Court that this—these were done at the request of a lawyer or that the lawyer said—any lawyer in particular said to Mr. Torango, here, prepare something for me so I can look at it and see what kind of case you have.

> It looks to me like the evidence is just the opposite; that is, that Mr. Torango prepared this on his own behest and he was shopping his case.
>
> So I don't think that the privilege or work-product exception applies to group 2.

(Mot. Hr'g Tr. 28:21–29:9, Aug. 4, 2006.)

■ It may be surprising to long-time practitioners that "a lawyer need not be involved at all for the work product protection to take effect." Roger Park et al., *Hornbook on Evidence Law* § 8.09 (West 2d ed.2004). Prior to 1970, courts were divided as to whether the "work product" doctrine was effectively an "attorney work product" doctrine. Rule 26(b)(3) was adopted with the 1970 amendments to the Federal Rules of Civil Procedure. The Advisory Committee noted that the rule was intended to resolve this split in authority, writing:

> The courts are divided as to whether the work-product doctrine extends to the preparatory work only of lawyers. The *Hickman* case left this issue open since the statements in that case were taken by a lawyer.... Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial *by or for a party* or any representative acting on his behalf. The subdivision then goes on to protect against disclosure the mental impressions, conclusions, opinions, or legal theories concerning the litigation of an attorney or other representative of a party.

Fed.R.Civ.P. 26(b)(3) advisory committee's note (1970) (emphasis added). Accordingly, and tracking the text of the rule, the Ninth Circuit has stated: "to qualify for protection against discovery under Rule 26(b)(3), documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be 'prepared by or for [the] party [seeking the protection] or by or for that ... party's representative.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir.2004) (quoting Fed.R.Civ.P. 26(b)(3)) (citations omitted).

Documents related to "shopping" for an attorney meet this standard.[1]

It is true that courts have often emphasized the involvement of an attorney in cases where the work product rule was invoked. *E.g. id.* at 904 (noting that the attorney had hired the environmental consultant who produced documents that were subject to the rule). As we see it, the reason for this is not that the document for which protection is sought must be either made or required by an attorney to be protected. Such a requirement would be contrary to the text of Rule 26(b)(3) and the stated intent of its drafters. *See* Roger Park et al., *supra*, § 8.09; Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure: Civil 2d* § 2024 (1994) ("Wright & Miller") (describing the evolution of the work product rule with Rule 26(b)(3), and noting that the rule no longer applies only to attorney's work product). Rather, it appears that courts have emphasized attorney involvement because such involvement clearly indicates that the documents were "prepared in anticipation of litigation." Fed.R.Civ.P. 26(b)(3).[2]

Defendants observe that Plaintiff could theoretically be deposed about the matters contained in the documents at issue. This possibility is irrelevant to the issue of whether the documents at issue are "work product." As is often the case with privileged information, the information might be discoverable by other means. That said, given that Mr. Torango has passed away, the fact that the information cannot presently be discovered through a deposition of Mr. Torango may be relevant to the issues of whether Defendants have "substantial need of the materials in the preparation of the party's case," and whether they are "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R.Civ.P. 26(b)(3). At present, Defendants have only made vague allegations of "substantial need," in part because they do not know the contents of the redacted material.

 Although more than one basis for waiver was alleged by Defendants, the Magistrate Judge concluded that waiver occurred because there was a partial disclosure. We do not agree with this conclusion. The work product rule is not based on the confidentiality of the attorney-client relationship, and it does not disappear when the balloon wall of confidentiality is breached unless the breach "has substantially increased the opportunities for potential adversaries to obtain the information." Wright & Miller, *supra*, § 2024 at 369 & n. 52. One may waive the attorney-client privilege without waiving the work product privilege. *See id.; In re EchoStar Communications*, 448 F.3d 1294, 1301 (Fed. Cir.2006) ("work product waiver is not a broad waiver of all work product related to the same subject matter like the attorney-client privilege"). There is no reason to conclude that waiver in the context of work product is all or nothing, and redaction is not *per se* improper. Indeed, the Advisory Committee noted in adopting the rule that, "[i]n enforcing [Rule 26(b)(3)], the courts will

---

**1.** A party's communications to an attorney seeking a prospective attorney-client relationship are also probably covered by the attorney-client privilege. *See United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir.1988) (noting that the attorney-client privilege applies if "the party claiming the privilege '... sought to become a client' ") (citing *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–9 (D.Mass.1950) ("[C]ommunication[s] ... for the purpose of securing ... legal services" are covered by the privilege.)). *See also* Restatement (Third) of Law Governing Lawyers § 68 (2000) (Attorney-client privilege applies to "a communication ... for the purpose of *obtaining or providing* legal assistance for the client.") (emphasis added). *Cf. In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (The court set forth eight elements for the applicability of the attorney-client privilege. These elements do not include the retention of the attorney, and the first element provides that the privilege may apply where "legal advice of any kind is *sought.*") (emphasis added).

**2.** We recognize that in *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), the Supreme Court stated that "the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Id.* at 238, 95 S.Ct. 2160. The Court held in the criminal context that the work product doctrine protects agents of the attorney. *Id.* at 239, 95 S.Ct. 2160. Civil Rule 26(b)(3) was not at issue in *Nobles* and we do not read the brief discussion of Rule 26(b)(3) in that case, *id.* at 239 n. 13, 95 S.Ct. 2160, to require that the rule be interpreted contrary to its text.

sometimes find it necessary to order disclosure of a document but with portions deleted." Fed.R.Civ.P. 26(b)(3) advisory committee's note (1970). A *per se* rule against partial disclosures of work product would force a choice between improperly concealing facts contained in work product that should be revealed or revealing the entirety of trial preparation documents even though the documents contain opinions to which the other party is not entitled.[3] The work product rule is "intensely practical," *Nobles,* 422 U.S. at 239, 95 S.Ct. 2160, and does not compel such a result.

There is clearly a factual dispute about what transpired between the parties' counsel leading to the alleged waiver, and, although the redactions indicate that any waiver that occurred was not intentional, the Magistrate Judge has not made any findings addressing this dispute. There is also a dispute about whether the redacted material is relevant to Defendants' case. Defendants allege without having seen the redacted material that Plaintiff is using the material as both a sword and shield by disclosing some portions for use as evidence (a sword) and redacting other portions (a shield). In essence, they allege gamesmanship and an improper motive in redacting the documents. However, if the redacted material is not relevant, or if Defendants do not have a "substantial need" for the material and do not face "undue hardship" if they do not obtain it, then the redaction was not improper.

The only way to resolve this dispute appears to be for the Magistrate Judge to conduct an *in camera* review of the unredacted evidence and resolve both the relevance issue and the factual dispute regarding the scope of any waiver that occurred.

*It is so ordered.*

*It is further ordered* that Plaintiff's motion (# 415) to supplement the record in connection with the objection (# 305) and Defendant Aristocrat's motion (# 471) to file a sur-

reply in opposition to the motion to supplement are *DENIED* as moot.

---

**3.** Under very different circumstances, the Ninth Circuit has recently stated that it is an "open question" whether "selective waiver" is permissible with either the attorney-client or the work product privilege. *United States v. Bergonzi,* 403 F.3d 1048, 1050 (9th Cir.2005) (per curiam).