An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MEGA MANUFACTURING, INC., A
KANSAS CORPORATION AND MEGA
FABRICATION EQUIPMENT, INC., A
KANSAS CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK
AND THE HONORABLE JERRY A.
WIESE, DISTRICT JUDGE,
Respondents,
  and
MATTHEW BURDETT, AN
INDIVIDUAL; R. JORGENSON
COMPANY, A UTAH CORPORATION;
AND PILZ AUTOMATION,
Real Parties in Interest.

No. 62396

**FILED**

MAY 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order regarding a discovery matter.

Real party in interest Matthew Burdett was injured in an accident at a manufacturing plant in Las Vegas involving a machine made by Mega Manufacturing, Inc. and Mega Fabrication Equipment, Inc. (collectively, Mega). Frank Sommerville, Mega's chief engineer, investigated the incident for Mega and wrote an internal investigatory report. The report was sent to Eric Metz, Mega's outside corporate counsel. After Burdett sued Mega, the district court ordered Mega to produce the report during discovery, holding that the report was not

14-17548

protected by the work-product doctrine or attorney-client privilege. Mega petitioned this court to issue a writ of mandamus directing that the district court recognize the report as privileged.

*Standard of Review*

A writ of prohibition is the appropriate writ to challenge a discovery order compelling production of allegedly privileged documents. *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995). Although Mega has filed a petition for a writ of mandamus, a party's action is not absolutely bound by the title of its filing. *See NC-DSH, Inc. v. Garner*, 125 Nev. 647, 652, 218 P.3d 853, 857 (2009) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868 (2d ed. 1995) ("A party is not bound by the label he puts on his papers.")). And the writ of prohibition is the natural counterpart to the writ of mandamus. *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146, 42 P.3d 233, 237 (2002). Hence, we will treat Mega's petition as one for a writ of prohibition.

Discovery rulings are reviewed for an abuse of discretion. *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 276 P.3d 246, 249 (2012). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). We will not disturb the factual determinations of the district court if supported by substantial evidence. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1389, 930 P.2d 94, 97 (1996).

*Work-product doctrine*

The district court held that the report was not privileged under the work-product doctrine. NRCP 26(b)(3) provides that a party's documents prepared in anticipation of litigation are only discoverable where the other party shows a substantial need:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In *Ballard v. Eighth Judicial District Court*, 106 Nev. 83, 85, 787 P.2d 406, 407 (1990), we held that "materials resulting from an insurance company's investigation are not made 'in anticipation of litigation' unless the insurer's investigation has been performed at the request of an attorney." This holding, however, is constrained to the specific facts of *Ballard*. NRCP 26(b)(3) also protects materials not created at the request of attorneys. *See* NRCP 26(b)(3) (stating that protected documents include those prepared "by . . . [the] other party's attorney, consultant, surety, indemnitor, insurer, or agent"); *see also Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 660-61 (D. Nev. 2007) (applying a parallel federal rule). Whether an attorney is involved or directs an investigation is not dispositive for deciding whether the fruit of that investigation is work product. *See Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 357-58, 891 P.2d 1180, 1188 (1995).

Our recent precedent focuses instead on whether the materials were created in anticipation of litigation or, conversely, in the ordinary course of business "regardless of counsel's presence or involvement." *See Columbia/HCA Healthcare Corp. v. Eighth Judicial Dist. Court*, 113 Nev. 521, 527-28, 936 P.2d 844, 848 (1997). As we noted in *Columbia/HCA Healthcare*, this litigation-business distinction aligns with the rule described in Professors Wright and Miller's *Federal Practice and Procedure*. *See id.* at 528 n.5, 936 P.2d at 848 n.5. The Second Circuit has elaborated on the Wright-and-Miller rule, stating that:

> [A] document . . . does not lose protection under this formulation merely because it is created in order to assist with a business decision. Conversely . . . [this rule] withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation.

*United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998). The anticipation of litigation must be the *sine qua non* for the creation of the document—"but for the prospect of that litigation," the document would not exist. *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004) (quoting *Adlman*, 134 F.3d at 1195).

Here, the district court found that the report was not created in anticipation of litigation and that any legal discussion that may have occurred did not inspire creation of the report. As the parties' briefs showed, the same affidavits in this case suggest different conclusions on this factual point. Frank Sommerville's affidavit stated that Jared Peterson, a representative from another company involved in the distribution and maintenance of the machine, informed Sommerville that "someone will be sued." Peterson's affidavit, however, disputes that he

said any such thing. The district court, as fact-finder, weighed the competing claims and decided that the report was not protected work product. Thus, because the evidence points in both directions, we hold that the district court did not abuse its discretion by ordering production of the report.

*Attorney-client privilege*

Mega argues that the report is privileged under the attorney-client privilege because it was prepared by a representative of Mega and confidentially sent to Metz, Mega's outside corporate counsel.

NRS 49.095 provides that communications between an attorney and a client are privileged:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications:
>
> 1. Between the client or the client's representative and the client's lawyer or the representative of the client's lawyer.
>
> 2. Between the client's lawyer and the lawyer's representative.
>
> 3. Made for the purpose of facilitating the rendition of professional legal services to the client, by the client or the client's lawyer to a lawyer representing another in a matter of common interest.

NRS 49.095. In *Wardleigh*, 111 Nev. at 352, 891 P.2d at 1185, this court "approve[d of] the test announced in" *Upjohn Co. v. United States*, 449 U.S. 383 (1981), in deciding an issue of corporate attorney-client privilege. In *Upjohn*, the Supreme Court noted that "[t]he communications at issue were made by Upjohn *employees* to counsel for Upjohn acting as such, at the direction of *corporate superiors* in order to secure legal advice from counsel." 449 U.S. at 394 (emphasis added) (footnote omitted). It held

these communications to be privileged under the attorney-client privilege. *Id.* at 395.

Here, there is basic disagreement over whether the communication at issue, the report, was made by a corporate employee of Mega. In his affidavit, Sommerville claims that he was an employee of Mega at the time of the investigation. However, the deposition of a safety manager for American Metal who was present at the investigation states that Sommerville introduced himself as an employee of MegaFab, a separate, sister corporation of Mega. Likewise, Sommerville's business card from that time shows "MegaFab."

The *Upjohn* analysis largely turns on the issue of employment. *See* 449 U.S. at 394-95. The parties here dispute whether the report's authors are Mega employees. This is a factual dispute. We defer to the district court's view of the facts. Therefore, we hold that the district court did not abuse its discretion. We have also considered Mega's other arguments and conclude that they lack merit.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jerry A. Wiese, District Judge
Hall Jaffe & Clayton, LLP
Henness & Haight
Kolesar & Leatham, Chtd.
Law Offices of Tracy Strickland
Kring & Chung/Las Vegas
Eighth District Court Clerk